IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIUS G. SANDERS,<br>AIS #255121, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-814-WHA |
| | ) | (WO) |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action challenging the constitutionality of actions taken against him at the Easterling Correctional Facility.  Doc. 1 at 2–3.  Although the plaintiff submitted an original affidavit in support of a motion for leave to proceed *in forma pauperis*, he did not file the financial documentation from the inmate account clerk at Easterling regarding the average monthly deposits and average monthly balance in his inmate account for the six-month period prior to filing this case.  Thus, the documents filed by the plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed *in forma pauperis* without prepayment of a filing fee in this cause of action.

Based on the foregoing, the court entered an order "that on or before November 2, 2020 the plaintiff shall file a prison account statement from the inmate account clerk at Easterling showing the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months."  Doc. 3 at 1.  The order specifically

cautioned the plaintiff "that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure." Doc. 3 at 1–2. Additionally, the court order directed "the plaintiff to immediately inform the court and the defendants of any change in his address [and advised him that] [f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 3 at 2. The docket indicates the plaintiff received this order.

The plaintiff, however, filed no response to the above referenced order. The court therefore entered an additional order allowing the plaintiff an opportunity to both show cause for his failure to respond and file the requisite financial information. Doc. 4. The postal service returned the latter order as undeliverable because the plaintiff no longer resided at the address provided to the court.[1]

As of the present date, the plaintiff has failed to file the requisite financial information as directed by the order of this court or an appropriate address. Absent pre-payment of the applicable fees, the granting of *in forma pauperis* status or an appropriate address for the plaintiff, this case cannot proceed before this court. Under the current circumstances, the undersigned finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of

---

[1]The last address provided to the court by the plaintiff is the Easterling Correctional Facility.

discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for the plaintiff's failure to file necessary financial information as ordered by this court.

On or before **February 5, 2021**, the plaintiff may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*,

996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 22nd day of January, 2021.


_____/s/ Charles S. Coody_____
UNITED STATES MAGISTRATE JUDGE